**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


Pamela Bond

   v.                                    Civil No. 15-cv-372-JL

New Hampshire Board of Nursing


**REPORT AND RECOMMENDATION**


Pamela Bond has filed a pro se complaint asserting that the New Hampshire Board of Nursing ("NH Board") discriminated against her in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634, and the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213.  Bond's complaint is before this magistrate judge for preliminary review, pursuant to LR 4.3(d)(2) and 28 U.S.C. § 1915(e)(2).


**Preliminary Review Standard**

Upon preliminary review, pro se complaints are to be construed liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).  After reviewing a complaint filed by a party such as Bond, the magistrate judge may "report and recommend to the court that the filing be dismissed because . . . the action . . . fails to state a claim upon which relief may be granted."

LR 4.3(d)(2)(A); see also 28 U.S.C. § 1915(e)(2)(A)(ii).  To
state a claim, Bond's complaint "must contain enough factual
material to raise a right to relief above the speculative
level."  Guerra-Delgado v. Popular, Inc., 774 F.3d 776, 780 (1st
Cir. 2014) (citation omitted), cert. denied, 135 S. Ct. 2380
(2015).

## Background

The facts recited in this section are drawn from Bond's
complaint and various documents attached thereto.  See Foley v.
Wells Fargo Bank, N.A., 772 F.3d 63, 72 (1st Cir. 2014).  Bond
was born in 1950.  She is, or has been, a Registered Nurse
("RN").  She was granted a license to practice as a registered
nurse in New Hampshire by the New Hampshire Board of Nursing in
1990.  She last practiced nursing in New Hampshire in 1991.  Her
New Hampshire RN license expired on or about December 30, 2008.

Bond also holds, or has held, nursing licenses from
Connecticut, New York, and Maryland.  Her Maryland license was
issued in 1976 and expired on December 28, 2010.  The Maryland
Board of Nursing ("MD Board") revoked Bond's license on May 21,
2012.  The MD Board based its decision, in part, upon Bond's
refusal to undergo a psychiatric evaluation it ordered pursuant

to Maryland state law.

In 2013, Bond asked the NH Board to reinstate her New Hampshire RN license. It refused to do so. In 2014, Bond repeated her request. In response, and in light of the decision of the MD Board to revoke Bond's license to practice in that state, the NH Board "commence[d] an adjudicatory/disciplinary proceeding against Ms. Bond . . . to show cause why the [NH] Board should reinstate Ms. Bond's New Hampshire RN license." Compl., Attach. 1 (Doc. No. 1-1), at 41. The NH Board identified "[t]he specific issue to be determined at [Bond's hearing] [to] include[], but . . . not [be] limited to, whether the [NH] Board should impose the same sanctions set forth in the Final Order of Revocation of Registered Nurse License from the State of Maryland." Id. at 42. Bond refused to attend the NH Board's show-cause hearing. While Bond has not attached the decision that presumably resulted from her hearing, the court infers from the facts alleged that her New Hampshire RN license was revoked and has not been reinstated, and that the MD Board's decision was a ground for the NH Board's decision.

This action followed. In it, Bond asserts claims against the NH Board under both the ADEA and the ADA.

Discussion

## I.   Age Discrimination

Bond has not stated a claim upon which relief may be

granted under the ADEA.  "[A]bsent a covered employment

relationship, ADEA liability does not attach."  Camacho v. P.R.

Ports Auth., 369 F.3d 570, 573 (1st Cir. 2004) (citations

omitted).  In Camacho, the First Circuit held that, for the

purpose of ADEA liability, a governmental licensing agency was

not an employer of those it licensed.  Id. at 578 (citing

favorably cases holding that "state licensing and regulatory

agencies generally are not regarded as employers vis-a-vis those

whom they license and regulate" (footnote omitted)).  Because

the NH Board was not Bond's employer, she has not stated a claim

for relief under the ADEA.  Consequently, her ADEA claim should

be dismissed.

## II.  Disability Discrimination

Bond's ADA claim stands on a different footing, as there is

authority for finding certain government agencies liable for

disability discrimination, in the absence of an employment

relationship.  Title II of the ADA provides that

> no qualified individual with a disability shall, by
> reason of such disability, be excluded from
> participation in or be denied the benefits of the

      services, programs, or activities of a public entity,
      or be subjected to discrimination by any such entity.

42 U.S.C. § 12132.

      To state a claim for a violation of Title II, a
      plaintiff must allege: (1) that [she] is a qualified
      individual with a disability; (2) that [she] was
      either excluded from participation in or denied the
      benefits of some public entity's services, programs,
      or activities or was otherwise discriminated against;
      and (3) that such exclusion, denial of benefits or
      discrimination was by reason of [her] disability.

Toledo v. Sanchez, 454 F.3d 24, 31 (1st Cir. 2006) (citation

omitted).

      Bond has not stated a claim for relief under Title II of

the ADA.  Bond has not alleged that she has a disability, or

that she is qualified to continue to hold a New Hampshire RN

license.  With regard to the third element, Bond makes no

specific factual allegations suggesting that disability

discrimination factored into the NH Board's decision.  She did,

however, attach the NH Board's Notice of Hearing to her

complaint.  That Notice specifically identifies only one issue

for consideration, the MD Board's revocation of her license.

The New Hampshire Nurse Practice Act, N.H. Rev. Stat. Ann.

("RSA") § 326-B:37, II(r), and RSA § 326-B:38, XIV, authorized

the NH Board to base its decision on the MD Board's actions.[1]

The complaint cannot be reasonably construed to allege that

the NH Board's revocation of or failure to reinstate Bond's

license was by reason of a disability.  Because Bond has not

stated a claim for relief under the ADA, her disability

discrimination claim should be dismissed.

_____

[1]The New Hampshire Nurse Practice Act, Chapter 326-B,
provides, in pertinent part, as follows:

>     (II) The [NH Board] may discipline a licensee or applicant
>     for any one or a combination of the following grounds:
>
>     . . .
>
>         (r) Upon notification by the licensing authority of
>         another jurisdiction that a licensee has been
>         disciplined.

RSA § 326-B:37, II(r).  State law further provides, as follows:

>     (XIV) In the case of sanctions for discipline in another
>     jurisdiction, the decision of the other jurisdiction's
>     disciplinary authority may not be collaterally attacked and
>     the [NH Board] may impose any of the sanctions set forth in
>     this chapter, but shall provide notice and an opportunity
>     to be heard if it intends to impose sanctions above those
>     imposed by the other jurisdiction.

RSA § 326-B:38, XIV.

6

## **Conclusion**

For the reasons detailed above, the district judge should dismiss the complaint for failure to state a claim. Any objection to this report and recommendation must be filed within 14 days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file an objection within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).


_____
Andrea K. Johnstone
United States Magistrate Judge

December 11, 2015


cc: Pamela Bond, pro se